IN RE ELIZABETH A. HAYES'S ESTATE.

February Term, 1909.

Present:   ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 20, 1909.

*Executors and Administrators—Claims Against Decedent's Estate—Commissioner's Report—Petition to Vacate— Sufficiency.*

A petition to vacate the report of commissioners on a decedent's estate is fatally defective, where it alleges that the administrator had

agreed to keep the petitioner informed as to the progress made in the settlement of the estate; that he was led to believe that there were no debts other than those for the last sickness and funeral; that a claim had been allowed in favor of the administrator which the petitioner believed was fraudulent, and of which he did not learn until long after the commissioners' report had been accepted by the probate court and the time for taking an appeal had expired; but failed to allege the date of the decedent's death or of the appointment of the administrator, or whether the estate had been fully administered.                                              .

APPEAL from a decision of the probate court granting the petition of William C. Greenlaw, as administrator of the estate of his deceased wife, and heir at law of the estate of Elizabeth A. Hayes, to vacate the report of the commissioners on the last named estate.   J. H. Hayes, administrator of said estate, appellant.   Heard on motion to dismiss the petition at the June Term, 1908, Orange County, *Waterman,* J., presiding.   Motion overruled, *pro forma.*   The appellant excepted.

*March M. Wilson* for the appellant.

*N. L. Boyden* and *E. W. Smith* for the petitioner.      .     .

WATSON, J.   The motion to dismiss is based upon several grounds, but we consider only the one that nothing alleged in the petition shows cause for the relief sought.   The motion should have been granted.   Neither the date of Elizabeth A. Hayes's death, nor the time of the appointment of the administrator on her estate, nor whether the estate had been fully administered upon or otherwise is alleged.   It is alleged however that the administrator agreed to keep the petitioner informed as to the progress made in the settlement of the estate; that upon information given by the administrator the petitioner was led to believe that no debts existed against the estate, other than those of the last sickness and burial; and it would seem from further statements in the petition that some claim, believed by the petitioner to be fraudulent, was allowed by the commissioners against the estate in favor of the administrator, of which claim and allowance the petitioner did not learn until long after the report of the commissioners was filed and accepted by the probate

court, and long after the time for taking an appeal therefrom had expired, but the allegations in this respect are not sufficiently definite, nor full enough, to warrant any expression upon the merits of the case.

*Judgment reversed, petition dismissed with costs, but without prejudice. To be certified to the probate court.*